FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 ? 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE SANCHEZ,

    Plaintiff,

v.                                                                          No. CIV-03-0916 WPJ/RLP

ARA HEALTH SERVICES d/b/a
CORRECTIONAL MEDICAL SERVICES, (CMS),
NEW MEXICO DEPARTMENT OF CORRECTIONS;
CENTRAL NEW MEXICO CORRECTIONAL FACILITY;
DARRELL YERKERS, Physical Therapist; JIMMY
PADILLA, N.P. a/k/a DR. JIMMY PADILLA; ARTHUR
"ART" MURPHY, Associate Warden, Central Minimum
Restrict Unit; (each to be sued in Official and
Individual capacities).

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's removed civil rights complaint under 28 U.S.C. § 1915A and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appearing pro se. For the reasons below, certain of Plaintiff's claims will be dismissed. Under 28 U.S.C. §§ 1447(a) and 1448, summonses will be issued for Defendants who have not answered.

Under the provisions of §1915A, "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6)

for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been denied adequate treatment for serious medical conditions. Plaintiff asserts a number of claims for violation of federal and state law protections. He seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendants New Mexico Department of Corrections, Central New Mexico Correctional Facility, or Central New Mexico Minimum Restrict Unit (named in text), or against state-employee Defendants in their official capacities. First, state agencies and employees in their official capacities are not " 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989). Furthermore, correctional facilities are not suable entities. *White v. Utah*, No. 00-4109, 2001 WL 201980, at *1 (10th Cir. Mar. 1, 2001); *see also Abalos v. Bernalillo County District Attorney's Offc.*, 734 P.2d 794, 799 (N.M. Ct. App. 1987). Claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants New Mexico Department of Corrections, Central New Mexico Correctional Facility, and Central New Mexico

Minimum Restrict Unit are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Yerkers, Padilla, and Murphy in their official capacities are DISMISSED with prejudice; and Defendants Yerkers, Padilla, and Murphy in their official capacities are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Yerkers and Padilla.

UNITED STATES DISTRICT JUDGE